Chief Justice Robertson,
delivered the opinion of the court.
William L. Phillips mortgaged to James Phillips, and George Alcorn, a tract of land, on which he lived, and a negro boy, to indemnify them as his sureties, in three replevin bonds to Jacob Miller.
They filed their bill in chancery against him, and his father, John Phillips, to foreclose the mortgage, alleging that they had paid off the replevin bonds, and that W. L. Phillips had bought the land from his father, and paid him for it, but had procured no title to it.
The circuit court decreed, that W. L. Phillips should pay to the complainants ‡532 30 cents, (the amount paid by them,) with interest thereon, froin the|7th of *39 March, 1825, (when it was paid,) until he should pay it, which he was directed to do, on or before the first day of the term succeeding the decree. And the court also decreed, that although there was not sufficient proof of a contract in writing, between W. L. Phillips andhis father, for the land, to justify a decree for a specific execution, yet as Wiííiamhadpaid Bfe father the consideration, (f500) he had an equitable lien on the land for that sum, which his mortgagees could have aright to enforce, as John Phillips refused to convey the legal title, and took refuge under the statute of frauds and perjuries; and thereupon, the court continued the cause, declaring in its decree, that, if W. L. Phillips should not comply with the decree, such further orders and decrees would be made as might become necessary and proper.
No writ of'error lies to a ¿gcree*
Turnar, for plaintiffs.
John Phillips and W. L. Phillips have prosecuted a writ of error to reverse this decree.
If the decree were final, no objection is perceived by this court, to either its principles or its details, (unless the amount decreed to be paid, be a few dollars too much.) But it is only interlocutory.
It was cautionary merely. No execution or other process could have issued to enforce it, before the term succeeding that at which it was rendered. No foreclosure was decreed. No lien was directed to be enforced.
At the succeeding term, the circuit court might have determined, that there should be no foreclosure, or that the alleged equitable lien should not be enforced, or it might have suspended or altered its nisi decree against W. L. Phillips. And for aught, that this court knows, all this may have been done; at least this court cannot know what final decree has been made.
The consequence of this view of the caséis, that the decree is not such an one, as can be revised by this court»
Wherefore, the writ of er¡ or is quashed.